1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7                    **DISTRICT OF NEVADA**

8

9   QUINCY R. S. JULIAN,                    )
                                            )
10          Plaintiff,                      )        3: 09-cv-00676-LRH-RAM
                                            )
11   vs.                                    )
                                            )        **ORDER**
12   WASHOE COUNTY JAIL, *et al.*,          )
                                            )
13          Defendants.                     )
    _____/

14

15        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

16   submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket #1-1.)  The Court

17   previously granted Plaintiff's motion to proceed *in forma pauperis*.  (Docket #3.)

18   **I.     Screening Pursuant to 28 U.S.C. § 1915A**

19         Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

21   1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

22   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

23   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

24   pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

25   699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

26   elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

27   (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

28   *Atkins*, 487 U.S. 42, 48 (1988).

1    In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

2  Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of

3  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

4  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

5  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

6  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

7  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

8  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

9  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

10  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

11  F.3d. 1103, 1106 (9th Cir. 1995).

12    Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

13  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

14  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the

15  claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

16  1999).  In making this determination, the Court takes as true all allegations of material fact stated in

17  the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See*

18  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are

19  held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449

20  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).  While the standard

21  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

22  mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A

23  formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*,

24  478 U.S. 265, 286 (1986).

25    All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

26  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

27  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

28  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

2

1  factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

2  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3  **II.      Screening of the Complaint**

4  Plaintiff sues defendants the Washoe County Jail and Deputy Sheriff Baumann based on

5  events that allegedly occurred on September 9, 2008.  Plaintiff claims that on that day, he was made

6  to get out of the shower and stand naked in front of a female nurse, other deputies and over 100

7  inmates.  He claims that Officer Baumann forced him to spread his legs, exposing his genitalia.

8  Plaintiff states that Officer Baumann handcuffed him, twisted his thumb and led him naked across

9  the unit to his cell.  He claims that he was placed in his cell naked and not until he screamed for a

10  nurse were his clothes returned.  Plaintiff claims that his left thumb was injured, including a sprain

11  and nerve damage.  Plaintiff seeks monetary damages in compensation for mental distress and pain

12  and suffering.

13  The Civil Rights Act under which this action was filed provides:

14  > Every person who, under color of [state law]     . . . subjects, or causes
   > to be subjected, any citizen of the United States. . . to the deprivation
15  > of any rights, privileges, or immunities secured by the Constitution. . .
   > shall be liable to the party injured in an action at law, suit in equity, or
16  > other proper proceeding for redress.  42 U.S.C. § 1983.

17  The statute plainly requires that there be an actual connection or link between the actions of the

18  defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

19  *Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

20  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

21  within the meaning of section 1983, if he does an affirmative act, participates in another's

22  affirmative acts or omits to perform an act which he is legally required to do that causes the

23  deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

24  Plaintiff fails to link defendant the Washoe County Jail with some affirmative act or omission.

25  Therefore, Plaintiff's claims against it must be dismissed.

26  When a prison official stands accused of using excessive physical force in violation of the

27  cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force

28  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

1  for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v.*

2  *Albers*, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and

3  unnecessary, it is proper to consider factors such as the need for application of force, the relationship

4  between the need and the amount of force used, the threat reasonably perceived by the responsible

5  officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at

6  7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could

7  plausibly have been thought necessary in a particular situation. *Id*.  Although the absence of serious

8  injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*.  That is, use of

9  excessive physical force against a prisoner may constitute cruel and unusual punishment even

10  though the prisoner does not suffer serious injury. *Id*. at 9.  Although an inmate need not have

11  suffered serious injury to bring an excessive force claim against a prison official, "[not] every

12  malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9.

13  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,

14  violates a prisoner's constitutional rights." *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d

15  Cir.)(*cert*. *denied sub nom. Johnson,* 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition

16  on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus*

17  uses of physical force. *Id*. at 9-10.

18       The Ninth Circuit has recognized that prisoners retain a limited right to bodily privacy

19  grounded in the Fourth Amendment. *Michenfelder v. Sumner*, 860 F. 2d 328, 333 (9th Cir. 1988).

20  However, limitations on the exercise of a prisoner's constitutional rights arise both from the fact of

21  incarceration and from valid penological objectives. *Id*. at 331 (citing *O'Lone v. Estate of Shabazz*,

22  482 U.S. 342 (1987)).  As such, a prisoner's right to privacy claim must be analyzed using a rational

23  relationship test to determine whether the impingement on an inmate's right to privacy is

24  "reasonably related to legitimate penological interests."

25       The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by

26  a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury

27  suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In

28  order to maintain an action seeking relief for emotional distress suffered by a prisoner while in

1  custody, there must be an allegation of actual physical injury. *Zehner v. Trigg*, 952 F. Supp. 1318,

2  1322-23 (S.D. Ind. 1997) (exposure to asbestos during performance of prison job is not "physical

3  injury" to support claim for mental or emotional injury), *affirmed* 133 F.3d 459, 460 (7th Cir. 1997).

4  The alleged physical injury must be more than de minimus, but need not be significant. *Siglar v.*

5  *Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore, bruised ear lasting for three days was de

6  minimus injury and fell short of requisite physical injury to support a claim for emotional or mental

7  suffering); *Evans v. Allen*, 981 F. Supp. 1102, 1109 (N.D. Ill. 1997) (allegation that prisoner had

8  "bodily fluids thrown on [him]" insufficient to satisfy injury requirement of section 1997e(e));

9  *Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) (minor injuries lasting a few days

10  insufficient to satisfy section 1997e(e)).

11  **III.    Conclusion**

12        The court finds that construing the allegations of the complaint in plaintiff's favor, the

13  complaint states a colorable Eighth Amendment excessive force claim, a colorable Fourth

14  Amendment bodily privacy claim, and a colorable claim for emotional distress damages.

15

16

17        **IT IS THEREFORE ORDERED** that defendant the Washoe County Jail is **DISMISSED**

18  from this action.

19        **IT IS FURTHER ORDERED** that in light of the court's previous order granting  plaintiff's

20  application to proceed *in forma pauperis* (docket #3), plaintiff shall not be required to pay an initial

21  partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid

22  pursuant to 28 U.S.C. § 1915(b)(2).

23        **IT IS FURTHER ORDERED** that the plaintiff herein is permitted to maintain this action to

24  conclusion without the necessity of prepayment of any additional fees or costs or the giving of

25  security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of

26  subpoenas at government expense.

27        **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

28  Department of Corrections shall pay to the Clerk of the United States District Court, District of

1    Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1047205), in the

2    months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

3    The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.

4    The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the

5    Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

6            **IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.  (Docket

7    #1-1.)

8            **IT IS FURTHER ORDERED** as follows:

9            1.  The Clerk **shall electronically serve a copy of this order, including the attached**

10   **Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on**

11   **the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

12           2.  The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the

13   date of entry of this order whether it can accept service of process for the named defendants.  As to

14   any of the named defendants for which the Attorney General's Office cannot accept service, the

15   Office shall file, *under seal*, the last known address(es) of those defendant(s).

16           3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a

17   motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a

18   full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the

19   Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120)

20   days of the date the complaint was filed.

21           4.  If the Attorney General accepts service of process for any named defendant(s), such

22   defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)**

23   **days** following the date of the early inmate mediation.  If the court declines to mediate this case, an

24   answer or other response shall be due within **thirty (30) days** following the order declining

25   mediation.

26           5.  The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent

27   to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

28           **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an

6

1  appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or

2  other document submitted for consideration by the court.  Plaintiff shall include with the original

3  paper submitted for filing a certificate stating the date that a true and correct copy of the document

4  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of

5  appearance, the plaintiff shall direct service to the individual attorney named in the notice of

6  appearance, at the address stated therein.  The Court may disregard any paper received by a district

7  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a

8  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper

9  service.

10         DATED this 15th day of September, 2010.

11

12                                                     _____

                                                       LARRY R. HICKS
13                                                     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

_____
Name

_____
Prison Number (if applicable)

_____
Address

_____

_____

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

_____,  )        Case No. _____
              Plaintiff,  )
                      )
v.  )        **NOTICE OF INTENT TO**
                      )        **PROCEED WITH MEDIATION**
_____  )
                      )
_____  )
             Defendants.  )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.     Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

    _____

3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

    _____

    _____

4.     List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

    _____

1    _____

2    _____

3    _____

4    5.    Are there any other comments you would like to express to the court about whether this case
           is suitable for mediation.  You may include a brief statement as to why you believe this case
5          is suitable for mediation.  (Attach additional pages if needed).
           _____
6
           _____
7
           _____
8
           _____
9

10        **This form shall be filed with the Clerk of the Court on or before thirty (30) days from
      the date of entry of this order.**
11

12        Counsel for defendants: By signing this form you are certifying to the court that you have
      consulted with a representative of the Nevada Department of Corrections concerning participation in
13    mediation.

14        Dated this _____ day of _____, 2010.

15

16                                          _____
                                                     Signature
17

18                                          _____
                                                     Name of person who prepared or
19                                                   helped prepare this document

20

21

22

23

24

25

26

27

28

9